**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Estate of James Maakestad; and Lisa Maakestad, a single woman,<br><br>   Plaintiffs<br><br>vs.<br><br>Mayo Clinic Arizona dba Mayo Clinic Scottsdale, an Arizona corporation; Lori Ann Deceglia, an individual; and Pamela Miller, an individual,<br><br>   Defendants. | No. CV-04-2183-PHX-DGC<br><br>**ORDER** |

Defendant Mayo Clinic Arizona has filed a motion for reconsideration. Doc. #102. The motion correctly notes that the Court's order of July 12, 2006 (Doc. #100) inadvertently failed to address two damages arguments made in Defendant's motion for summary judgment. This order will address those issues. The Court will consider only the parties' arguments made in summary judgment briefing, not any additional argument made in Defendant's motion for reconsideration. For this reason, a response to the motion for reconsideration is not required.

**I.    Pain and Suffering Damages.**

Defendant argues that because Title VII is silent as to whether Plaintiffs' claim for pain and suffering damages survived James Maakestad's death, 42 U.S.C. § 1988(a) applies and directs the Court to look to state law to resolve the survival issue. Docs. #94 (citing

*Robertson v. Wegmann*, 436 U.S. 584). Defendant argues that such damages are precluded under Arizona law. Docs. ##85, 94 (citing A.R.S. § 14-3110).

Defendant's reliance on *Robertson* is misplaced. In *Robertson*, the Supreme Court applied § 1988(a) to a civil rights action brought under 42 U.S.C § 1983, not Title VII. *Id.* By its very language, § 1988(a) does not apply to Title VII. *See Hanson v. Atl. Research Co.*, No. 4:02CV00301 SMR, 2003 WL 430484, at *3-4 (E.D. Ark. Feb. 14, 2003); *Fleming v. U.S. Postal Serv.*, 27 F.3d 259, 262 (7th Cir. 1994). Section 1988(a) makes explicit those titles to which it applies, and Title VII is not among them. *See* 42 U.S.C. § 1988(a) (statute applies to Titles 13, 24, and 70 of the United States Code).

Title VII is silent as to whether claims survive a plaintiff's death. 42 U.S.C. § 2000e *et seq.* Some courts have applied federal common law to resolve the survival issue, concluding that a federal cause of action survives a plaintiff's death unless it is an action for penalties. *See Hanson*, 2003 WL 430484 at *4 (holding that an ADA claim for pain and suffering damages survived the plaintiff's death under federal common law); *James v. Home Constr. Co. of Mobile, Inc.*, 621 F.2d 727, 729-30 (5th Cir. 1980) (holding that under federal common law, a federal cause of action survives a plaintiff's death unless the action is penal in nature); *Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 875-876 (11th Cir. 2000) (holding that the decedent's Title VII claim survived her death under federal common law). The Court will follow these cases and hold that Plaintiffs' claim for pain and suffering damages is not precluded under Title VII. Defendant's motion for summary judgment on this issue will be denied.

## II. Punitive Damages.

Defendant argues that punitive damages cannot be supported by the evidence in this case and cannot be recovered as a matter of law following James Maakestad's death. Docs. ##85, 94. Plaintiffs moved to amend their complaint to add a wrongful death cause of action and preserve their punitive damages claim. Doc. #87 at 17. The Court denied this motion to amend as untimely. Doc. #100 at 10. Plaintiffs have offered no other argument in support of a punitive damages claim.

A Title VII plaintiff may recover punitive damages if the plaintiff demonstrates that the defendant engaged in a discriminatory practice with malice or with reckless indifference to the plaintiff's federally protected rights. 42 U.S.C. § 1981(a). Plaintiffs have presented no evidence from which a jury reasonably could conclude that Defendant acted with malice or reckless indifference to Plaintiffs' federally protected rights. Moreover, Plaintiffs' Title VII punitive damages claim is penal in nature and therefore did not survive Mr. Maakestad's death. *See James*, 621 F.2d at 729-30. The Court accordingly will grant summary judgment on Plaintiff's claim for punitive damages under Title VII. *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).

### III.    Request for Clarity.

Defendant requests that the Court revise its summary judgment order to reflect that Defendant did not concede for purposes of trial that Plaintiffs will be able to satisfy all the prima facie elements of their alleged gender discrimination claim. Doc. #102; *see* Doc. #100. To the extent the prima facie elements are relevant at trial, the Court agrees that Defendant only conceded these elements with respect to its summary judgment motion.

**IT IS ORDERED** that Defendant's motion for reconsideration (Doc. #102) is **granted in part and denied in part** as set forth in this order.

DATED this 9th day of August, 2006.

_____
David G. Campbell
United States District Judge

- 3 -