**LAW OFFICE OF ROBERT M. GREGORY, P.C.**
Robert Gregory, Bar No. 021805
1930 S. Alma School Road, Suite A-115
Mesa, Arizona 85210
Telephone: (480) 839-4711
Facsimile: (480) 452-1753
Robert.gregory@azbar.org

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ESTATE OF JAMES MAAKESTAD; LISA MAAKESTAD, a single woman;<br><br>    Plaintiffs,<br><br>vs.<br><br>MAYO CLINIC ARIZONA dba MAYO CLINIC SCOTTSDALE, an Arizona corporation; LORI ANN DECEGLIA, an individual; PAMELA MILLER, an individual;<br><br>    Defendants. | Case No. CV04-2183-PHX-DGC<br><br>**PLAINTIFFS' MOTION FOR RECONSIDERATION RE: DEFENDANTS' MOTION IN LIMINE NO. 3 RE: THE WRITINGS OF JAMES MAAKESTAD AND MOTION IN LIMINE NO. 9 RE: MEDICAL EXAMINER'S REPORT**<br><br>(Honorable David G. Campbell) |

Defendants filed Motion in Limine No. 3 Re: The Writings of James Maakestad and Motion in Limine No. 9 Re: Medical Examiner's Report. At the Pretrial Conference held on September 21, 2006, the Court heard oral argument regarding these and other motions in limine filed by the parties. By Order dated October 2, 2006, the Court granted Defendants' Motion in Limine No. 3 on the grounds that the writings referred to in Defendants' Motion were not admissible as present sense impressions under Federal Rule of Evidence 803(1), and granted Defendants' Motion in Limine No. 9 pursuant to Federal Rule of Evidence 403. Plaintiffs submit this Motion for Reconsideration in that the writings are admissible hearsay, either in whole or in part, under Federal Rules of Evidence 803(6), for the reasons provided herein.

1

## I.   Background

Plaintiff James Maakestad ("Plaintiff" or "Mr. Maakestad") was employed by Defendant Mayo Clinic Arizona ("Mayo") from December 1999 until his employment was terminated by Mayo on June 28, 2004.  Plaintiff filed this lawsuit against Mayo and individual defendants on October 14, 2004, alleging, *inter alia*, that he was subjected to sexual harassment, gender discrimination, and retaliation in violation of Title VII.  During and after Plaintiff's employment with Mayo, he filed complaints of sexual harassment and retaliation with Mayo and the EEOC, and drafted other documents in support of these complaints and in response to disciplinary actions by Mayo against him (collectively, the "Writings of James Maakestad") including: (1) the July 8, 2004 Complaint he filed with the EEOC; (2) Identified Acts of Retaliation and Chronology of Communication between Employee and Management; (3) February 11, 2004 letter to Pam Miller; (4) Amended Summary of Incidences of Inappropriate Behaviors; (5) Summary of Incidences of Inappropriate Behaviors; (6) April 26, 2004 Complaint of Management Retaliation; (7) E-mail correspondence; (8) July 2, 2004 Response to Mayo Clinic's Response; (9) Response to Corrective Action of June 21, 2004; and (10) Response to Corrective Action of June 28, 2004.  Plaintiffs also produced a copy of the Medical Examiner's Report created after James Maakestad's death.

### A.   The Contested Evidence is Admissible Hearsay Under Federal Rule of Evidence 803(6).

"Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.  Fed. R. Evid. 801(c).  Records of regularly conducted business activity, including a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions or diagnoses by a person with knowledge are admissible if properly authenticated under Rule 902(11) or 902(12).  Fed. R. Evid. 803(6).

Rule 803(6) requires that a qualified person testify that it is the practice of the business to make the record and that the record is kept in the course of regularly conducted business activity. The foundation requirement for Rule 803(6) "may be satisfied by the testimony of anyone who is familiar with the manner in which the document was prepared, even if he lacks firsthand knowledge of the matter reported, and even if he did not himself either prepare the record or even observe its preparation." *Miller v. Fairchild Industries, Inc.,* 885 F.2d 498, 514 (9th Cir. 1989) (citing 4 Louisell and Mueller, *Federal Evidence,* § 446, at 663-64 (1979) (footnotes omitted).  The court in *Miller* observed that "…we have previously noted that '[i]t is not [even] necessary that a sponsoring witness be employed by the business at the time of the making of each record. . . .[O]bjections, relating to the identity or competency of the actual preparer, may [be] relevant to the evidentiary weight or credibility of the documents, but [do] not [affect] their admissibility.'" *Miller v. Fairchild Industries, Inc.,* 885 F.2d at 514 (citing *United States v. Smith,* 609 F.2d 1294, 1302 (9th Cir. 1979) (quoting *United States v. Evans,* 572 F.2d 455, 490 (5th Cir. 1978)).

        In employment discrimination cases, internal documents such as personnel files "relied upon by the employer in making an employment decision are not hearsay as that term is defined in that term is defined in Fed.R.Evid. 801(c) – statements offered to prove the truth of the matters asserted.  Rather, such documents are relevant and admissible because they help explain (or may help explain) the employer's conduct."  *Wolff v. Brown,* 128 F.3d 682, 685 (8th Cir. 1997); *see also Hardie v. Cotter & Co.,* 849 F.2d 1097, 1101 (8th Cir. 1988); *Jones v. Los Angeles Comm. College Dist.,* 702 F.2d 203, 205 (9th Cir. 1983); *Moore v. Sears, Roebuck & Co.,* 683 F.2d 1321, 1322 (11th Cir. 1982).

        "The touchstone of admissibility under [Rule 803(6)] is reliability, and a trial judge has broad discretion to determine the admissibility of such evidence. . . ." *United States v. Bueno-Sierra,* 99 F.3d 375, 378-79 (11th Cir. 1996).

In response to Plaintiffs' First Request for Production of Documents, Request No. 6, in which Plaintiffs requested the production of the personnel file of James Maakestad (attached hereto as Exhibit 'A'), Defendants responded that it had previously produced documents in "Mayo's Initial and Eight Supplemental Disclosure Statements" and additionally produced documents identified by Mayo Bates Numbers MAYOM000001-116. (Defendants' Response to Plaintiffs' First Request for Production of Documents, attached hereto as Exhibit 'B'). Mayo's Initial Disclosure Statement and Amended Initial Disclosure Statement, in turn, identified numerous documents that are now the subject of Defendants' Motions in Limine No. 3 and No. 9 (attached hereto as Exhibits 'C' and 'D', respectively.)  The Amended Disclosure Statement, Section B., identifies with particularity documents more generally identified in Defendants' Initial Disclosure Statement, including: (1) Various Personnel/Human Resources documents related to Plaintiff James Maakestad including but not limited to complaint and investigation documents; corrective action documents; performance evaluations; documentation re: performance errors; management notes; internal transfer requests; job fitness reports; and related documents;…. (4) Medical Examiner's Records; (5) E-mail Correspondence, including but not limited to e-mails exchanged between Mayo employees and James Maakestad; e-mails exchanged between Mayo employees regarding James Maakestad; and e-mails exchanged between Plaintiff James Maakestad and his parents and other relatives; (6) Various document[s] from Plaintiff's EEOC file.

All of the documents that Mayo seeks to exclude in Motions in Limine No. 3 and No. 9 were records maintained by Mayo in James Maakestad's personnel file and/or produced by Mayo in response to Plaintiffs' request for production of Mr. Maakestad's personnel file.  As the *Wolff* court observed, documents maintained in an employee's personnel files are not hearsay under Rule 801(c), but are relevant and admissible for purposes of explaining the employer's conduct. *Wolff v. Brown,* 128 F.3d at 685.

**B.    Authentication of the Documents**

Authenticity of documents admissible under Rule 803(6) may be established by a written declaration of the custodian of the documents or another qualified person.  Fed. R. Evid. 902(11).  However, parties offering documentary evidence at trial may satisfy the foundational requirements of Rule 803(6), thus making unnecessary the authentication process of Rule 902(11), through the testimony of a person who has knowledge of the documents.  *See Miller v. Fairchild Industries, Inc.,* 885 F.2d at 514; *United States v. Nobmann,* No. 03-0304, (N.D. Cal. July 26, 2005), at pp. 9-10.

The foundation for the documents produced by Mayo in response to Plaintiffs' request for James Maakestad's personnel file will be laid through the trial testimony of human resource personnel – Danita Hale and Vickie Lampert – who personally handled James Maakestad's personnel file.  Both Ms. Hale and Ms. Lampert are identified in the Pretrial Order as witnesses who the parties will or may call at trial.

**II.    Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court vacate its ruling granting Defendants' Motion in Limine No. 3 Re: The Writings of James Maakestad and Motion in Limine No. 9 Re: Medical Examiner's Report and allow Plaintiffs to proffer the writings of James Maakestad and the Medical Examiner's Report without requiring that Plaintiffs first approach the Bench and demonstrate that such writings are admissible hearsay and authenticated.

RESPECTFULLY SUBMITTED this  4th  day of October, 2006.

LAW OFFICE OF ROBERT M. GREGORY, P.C.

By:   s/Robert M. Gregory
Robert M. Gregory
*Attorney for Plaintiff*

5

1

**CERTIFICATE OF SERVICE**

2

3   I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to any non-registrants this 4th day of October, 2006:

4

5                                   Rebecca Winterscheidt, Esq.
                                     SNELL & WILMER, P.C.
6                                   One Arizona Center, 400 E. Van Buren
                                     Phoenix, AZ 85004-2202
7                                   *Attorneys for Defendant*

8

9

10   s/Robert Gregory

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28