**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Estate of James Maakestad, | No. CV-04-2183-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Mayo Clinic Arizona dba Mayo Clinic Scottsdale, an Arizona corporation, | |
| Defendant. | |

Plaintiff has filed a Motion for Reconsideration Re: Defendant's Motion in Limine No. 3 Re: The Writings of James Maakestad and Motion in Limine No. 9 Re: Medical Examiner's Report. Dkt. #143. For the reasons set forth below, the Court will deny the motion.

**I.    Plaintiff's Motion and the Court's Prior Rulings.**

Defendant's Motion in Limine No. 3 argued that various writings of James Maakestad were inadmissible hearsay. Dkt. #114. In response, Plaintiff argued that the documents were admissible under Federal Rule of Evidence 803(1) as present sense impressions. For the reasons stated on the record during the Final Pretrial Conference on September 21, 2006, the Court disagreed. The Court granted Defendant's motion because the documents clearly were not present sense impressions and Plaintiff had identified no other exception to the hearsay rule under which they would be admissible. Dkt. ##139, 140.

Plaintiff's motion for reconsideration argues that the Maakestad documents are admissible as business records of Mayo Clinic under Rule 803(6) and are also admissible to

1  explain Defendant's conduct (in which event the documents would not be admitted to prove
2  the truth of the matter asserted). Dkt. #143. Neither of these arguments was made in
3  Plaintiff's response to the motion in limine.

4  Defendant's Motion in Limine No. 9 sought to exclude a medical examiner's report
5  under Rules 401, 402, 403 and the hearsay rule. Dkt. #118. In response, Plaintiff argued that
6  the report was relevant, not unfairly prejudicial, and fell within the public records hearsay
7  exception in Rule 803(9). Dkt. #132. As explained on the record during the Final Pretrial
8  Conference, the Court excluded the report under Rule 403. The Court concluded that the
9  danger of unfair prejudice presented by the report substantially outweighed its probative
10 value. Dkt. ##139, 140.

11 Plaintiff's motion for reconsideration does not specifically address the medical
12 examiner's report. It appears to argue, however, that the report is admissible as a business
13 record of Mayo Clinic under Rule 803(6).

14 **II.  Analysis.**

15 Motions for reconsideration are disfavored and are not the place for parties to make
16 new arguments or to ask the Court to rethink its analysis. *See Northwest Acceptance Corp.*
17 *v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *United States v. Rezzonico*,
18 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998). Judge Teilborg of this District has identified four
19 circumstances where a motion for reconsideration will be granted: (1) where the moving
20 party has discovered material differences in fact or law from those presented to the Court at
21 the time of its initial decision, and the party could not previously have known of the factual
22 or legal differences through the exercise of reasonable diligence; (2) where material factual
23 events have occurred since the Court's initial decision; (3) where there has been a material
24 change in the law since the Court's initial decision; or (4) where the movant makes a
25 convincing showing that the Court failed to consider material facts that were presented to the
26 Court at the time of its initial decision. *Motorola, Inc. v. J.B. Rodgers Mechanical*
27 *Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).
28 / / /

1 Plaintiff's motion does not satisfy any of these standards. The motion asserts legal 2 arguments that could have been made in response to Defendant's motions in limine. With 3 respect to the writings of Mr. Maakestad, Plaintiff did not argue that the writings constituted 4 business records of Mayo Clinic or that they should be admitted to explain Defendant's 5 conduct (and therefore would not be admitted to prove the truth of the matters asserted in the 6 writings). With respect to the medical examiner's report, Plaintiff did not argue that the 7 report constituted a business record.

8 Because Plaintiff could have made these arguments but failed to do so, the arguments 9 do not constitute a valid basis for reconsideration of the Court's prior ruling. Plaintiff's 10 motion will therefore be denied.[1]

11 **IT IS ORDERED** that Plaintiff's Motion for Reconsideration Re: Defendant's 12 Motion in Limine No. 3 Re: The Writings of James Maakestad and Motion in Limine No. 13 9 Re: Medical Examiner's Report (Dkt. #143) is **denied**.

14 DATED this 12th day of October, 2006.

David G. Campbell
United States District Judge

---

[1] Even if the Court considered Plaintiff's new arguments, it would find them unavailing. Plaintiff contends that the writings of James Maakestad constitute business records of Mayo Clinic, but fails to explain how the personal writings of Mr. Maakestad could be viewed as having been made by Mayo Clinic "at or near the time by, or from information transmitted by, a person with knowledge[.]" Fed. R. Ev. 803(6). Nor does Plaintiff explain how the writings of Mr. Maakestad created in response to Defendant's conduct can be used to explain that conduct without being considered for the truth of the matters asserted. Plaintiff also fails to explain how the medical examiner's report could be a business record of Mayo Clinic. Even if it were such a business record, it would still be inadmissible under Rule 403.

- 3 -